IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Cady, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 3475 |
| ) | |
| Sheriff Michael F. Sheahan, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Sheriff Michael F. Sheahan ("Sheahan"), one of numerous defendants in this sprawling nine-Count 178-paragraph Complaint brought by pro se plaintiff David Cady ("Cady"), has filed a Notice of Removal ("Notice") to bring the case from the Circuit Court of Cook County to this District Court. For the reasons stated in this memorandum opinion and order, this Court sua sponte remands the Complaint and this action to the Circuit Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).[1]

But before this opinion turns to that subject, mention should be made of an obvious and fundamental procedural (although not necessarily jurisdictional) error that has been committed by Sheahan's counsel, State's Attorney Richard Devine. Whichever Assistant States Attorney has been responsible for the

---

[1]Further references to Title 28 provisions will take the form "Section--."

preparation of the Notice[2] has set this out in Notice ¶9:

> All defendants agree to this removal and join in this notice of removal.

If the authoring attorney has had any experience in removal jurisprudence he should have known better, while if he has not a few minutes' research would have revealed the universally applied principle that the joinder in removal that is required by Section 1446(a) must be reflected by the joining defendant's <u>written</u> support, which is missing here (see, e.g., <u>Roe v. O'Donohue</u>, 38 F.3d 298, 301 (7th Cir. 1994)). True enough, that error may be harmless, for Notice ¶8 says that no defendants other than Sheahan have yet been served, and under the cases only those who have been served at the time of removal are required to join--but in that event, why include Notice ¶9 to begin with?

As to the more basic (and dispositive) issue of federal subject matter jurisdiction, this Court's initial obligation (as with every case brought to the federal court, whether via removal or as an original action) is to determine the existence or nonexistence of such jurisdiction (see, e.g., <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986); <u>Cook v. Winfrey</u>, 141 F.3d 322, 325 (7th Cir. 1998)). And on that score Sheahan strikes out.

---

[2] Although the Notice's opening paragraph identifies Assistant Dominick Lanzito as its author, the Notice is actually signed by Assistant Patrick Smith.

2

Here is what Notice ¶1 asserts as the jurisdictional predicate:

> This action was commenced against multiple defendants in the Circuit Court of Cook County, Illinois, Law Division, on May 23, 2006 (Case No. 06 CH 09207). However, the plaintiff's lawsuit has now become removable because of claims that his civil rights were violated in breach of 42 U.S.C. § 1983 (see Exhibit I, Plaintiff's Verified Company, Part II, Jurisdiction of the Court and Count III, Unconstitutional Retaliation for Plaintiff's Exercise of His Constitutional Rights).

And in that respect it is quite true that in Complaint Part IIB nonlawyer Cady does refer to Section 1983--he does so in the eighth of eight paragraphs that list everything but the kitchen sink (including, for example, Random House's American College Dictionary and the Declaration of Independence) as providing him with a ticket of entry into the court system.

But a careful reading of the Complaint (something that Sheahan's counsel had 3-1/2 weeks to do, between the June 2 date of service on their client and their June 27 filing of the removal papers) reveals that Sheahan, although he is named first in the case caption, is targeted in only one count of the Complaint: its Count Six, captioned "Common Law Negligence or Failure to Train and Supervise."[3] And the only charge made there against Sheahan is one of an asserted negligent violation of his

---

[3] Indeed, Complaint ¶148 in Count VI is the only paragraph in which Sheahan's name appears in conjunction with any substantive charge, although every other count of the Complaint is very specific in identifying which of the other defendants are charged with the type of asserted misconduct set out in that count.

3

common law duty to supervise his subordinates ("common law duty" is the express language employed in Complaint ¶148).

Thus Cady has advanced against Sheahan no federal claim under the auspices of either Section 1983 or any other identified source. And if Sheahan, while not himself able to call on the earlier-cited reference to Section 1983 (as his counsel purports to do), seeks instead to piggyback himself into this District Court under the supplemental jurisdiction provision of Section 1367(b), he should understand that this Court views the discrete state law failure-to-supervise claim against him and a few other defendants (involving as it does a totally different set of proofs from the substantive claims against other defendants in other counts) as calling for a remand of the subject matter of Count Six to the state court in any event (see Section 1367(c)(1)), so that Sheahan would not remain as a party to this District Court action under any circumstance

In sum, this Court holds under Section 1447(c) that "it appears that the district court lacks subject matter jurisdiction." And that being so, the same section mandates remand. This Court accordingly orders that the case be remanded to the Circuit Court of Cook County, and as authorized by this

District Court's LR 81.2(b) it further orders that the certified copy of the remand order be mailed forthwith.[4]

```
                              /s/ Milton I. Shadur
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date:     June 30, 2006

---

[4] One other point should be added. Complaint ¶11 alleges that certain of Cady's state law claims had been the subject of an earlier action in this District Court, Cady v. Cook County, 02 C 8333, and were dismissed without prejudice as part of the final disposition of that action. This Court has not of course reviewed the file in that earlier action, which had been assigned to its colleague Honorable John Nordberg. But if any other defendant were hereafter to undertake a later removal of this action from the Circuit Court to this District Court, defense counsel should consider whether the civil cover sheet should reflect that the action involves the filing of a previously dismissed case so as to trigger a possible direct assignment under this District Court's LR 40.3(b)(2). This word to the wise merely directs counsel's consideration of that matter--it is of course not intended to reflect any substantive ruling in that respect.